IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DOROTHY D. STUDER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-0192-DGK-SSA |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Dorothy Studer's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of a brain tumor (post-surgery), headaches, obesity, and depression, but she retained the residual functional capacity ("RFC") to perform work as a cashier, sub-assembler, and small parts production assembler.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for disability insurance benefits on January 6, 2010, alleging a disability onset date of December 23, 2009. The Commissioner denied the application

at the initial claim level, and Plaintiff appealed the denial to an ALJ. An ALJ held a hearing and found Plaintiff was not disabled on October 24, 2012. The Appeals Council then remanded the decision for a new hearing.

Following a new hearing, a different ALJ also concluded Plaintiff was not disabled on February 25, 2015. The Appeals Council denied Plaintiff's request for review on January 8, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

2

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff makes five claims here. She contends the ALJ erred at Step Four because he: (1) failed to obtain additional medical opinion evidence from an examining or treating physician to properly determine her RFC; (2) failed to consider her obesity in combination with her other impairments; and (3) gave weight to a non-examining medical expert who testified at the hearing. She also argues (4) the ALJ erred at Step Five in relying on the vocational expert's ("VE") testimony that she could work as a cashier. Finally, she contends (5) the Appeals Council erred by not discussing new evidence submitted after the ALJ rendered his decision.

These arguments are all without merit.

**A.    The ALJ properly supported the RFC determination.**

Plaintiff argues that because the ALJ rejected the opinions from two of her treating physicians, Dr. Brent Peterson, M.D., and Dr. Darren Lovick, M.D., he insufficiently developed the record. She contends that by rejecting their opinions, the ALJ triggered a duty to re-contact the doctors and gather some medical opinion evidence on which to base an RFC determination.

Plaintiff is incorrect. The ALJ did not have a duty to re-contact the doctors, nor must an ALJ have a doctor's opinion upon which to base the RFC determination. Plaintiff's argument is based on a commonly argued, but mistaken, claim which the Eighth Circuit has specifically rejected. This argument is grounded in caselaw suggesting that residual functional capacity must be based on "some medical evidence." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir.

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

2004). Since *Eichelberger*, however, the Eighth Circuit has stated that "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). In 2015, the Eighth Circuit clarified in *Lockwood v. Colvin* that "some medical evidence" does not mean the ALJ was required to base his RFC finding on a medical opinion. 627 F. App'x 575, 577 (8th Cir. 2015). It explained the argument regarding "some medical evidence" and physician opinion was an "incomplete statement of the RFC inquiry established by a host of our prior Social Security disability cases." *Id.* It made clear that the ALJ was "not limited to considering medical evidence exclusively," and "[e]ven though the RFC draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Id.*

More troubling to the Court is that Plaintiff's brief fails to cite recent, controlling Eighth Circuit caselaw which rejects this claim. *See*, *i.e.*, *Halverson v. Astrue*, 600 F.3d 922, 933-34 (8th Cir. 2010) (rejecting Halverson's argument that "the ALJ should have further developed the record to determine the degree to which her impairments limited her ability to engage in work-related activities after the ALJ discredited Dr. Taylor's opinion."). The Court encourages counsel to review these cases.

**B.     The ALJ sufficiently considered Plaintiff's obesity.**

Plaintiff also argues the ALJ erred by not sufficiently considering limitations arising from her obesity or providing a reviewable explanation for how he assessed her obesity.

The regulations require the ALJ to consider the effects of obesity in combination with other impairments. *See* SSR 02-1p, 2000 WL 628049. The ALJ did so here, noting that while Plaintiff's medical providers had consistently diagnosed her with obesity, there was no evidence of any cardiovascular, respiratory, or musculoskeletal impairment attributable to her obesity. R. at 20. The ALJ also observed Plaintiff had not attempted to lose weight. R. at 20. In addition,

4

the Court notes Plaintiff has not identified any evidence suggesting she had an obesity-related impairment inconsistent with her RFC. Given this record, the ALJ's explanation was sufficient. *See Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004) (upholding the ALJ's decision, observing that "treating doctors noted [the claimant] was obese and should lose weight, [but] none of them suggested his obesity imposed any additional work-related limitations, and he did not testify that his obesity imposed additional restrictions."); *Brown ex rel. Travis v. Barnhart*, 388 F.3d 1150, 1153 (8th Cir. 2004) (holding the ALJ sufficiently considered Plaintiff's obesity where "[t]he ALJ specifically referred to Travis's obesity in evaluating his claim.").

**C.     The ALJ did not err in citing the medical expert's testimony.**

Next, Plaintiff contends the ALJ's RFC determination was unsupported because he relied on testimony from a non-examining medical expert, psychiatrist Dr. Alfred Jonas, M.D. Plaintiff contends the ALJ erred because he had a duty to develop the record and obtain some opinion evidence from an examining or treating psychiatrist as to any limitations from her mental impairments.

This claim is without merit; the ALJ did not have a duty to develop the record further. The weight an ALJ should assign to a non-examining physician's opinion depends on the amount of support the non-examining physician provides for his or her opinion. 20 C.F.R. § 404.1527(c)(3). Here, Dr. Jonas's opinion was well-explained and consistent with the other medical evidence. R. at 18-19. Hence, the ALJ did not err in giving Dr. Jonas's opinion some weight.

5

**D.     The ALJ did not err at Step Five in finding she could work at jobs existing in significant numbers in the national economy.**

Plaintiff contends the ALJ erred at Step Five in finding that she could work at jobs existing in significant numbers in the national economy. Plaintiff contends she cannot perform the job of cashier II.

As the Commissioner notes, even assuming Plaintiff could not work as a cashier II, the VE identified two other jobs Plaintiff does not dispute she could perform, a sub-assembler and a small parts production assembler. The VE testified that there were about 232,000 of these positions available in the national economy and 950 available in Missouri. Hence, the ALJ identified positions Plaintiff could perform which exist in significant numbers in the national economy. *See, e.g., Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (holding 500 jobs within the claimant's region is a "significant" number).

**E.     The Appeals Council did not err by failing to discuss Dr. El-Halawany's letter.**

Finally, Plaintiff argues the Appeals Council failed to discuss sufficiently a letter from Dr. Nabil El-Halawany, M.D., Plaintiff submitted after the ALJ rendered his decision. In this conclusory, three sentence letter, Dr. El-Halawany opined that due to "severe depression" Plaintiff was "unable to maintain gainful employment." R. at 1223.

In its decision, the Appeals Council explained it had considered the "additional evidence listed on the enclosed Order," which included Dr. El-Halawany's letter, and it concluded the evidence did not provide a basis for changing the ALJ's decision. R. at 2, 4. This explanation was sufficient. *See, e.g., Holden v. Astrue*, No. 4:10CV742 RWS (FRB), 2011 WL 2730914, at *33-34 (E.D. Mo. Jun. 15, 2011) (finding Appeals Council sufficiently considered evidence when it listed the exhibits in its attached exhibit list). Further, even if the Appeals Council did fail to consider this information, any error here is harmless because statements from a doctor that

a claimant cannot be gainfully employed "are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner].'" *Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (internal quotation marks omitted).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 21, 2017                              /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT